By the Court,

Cowen, J.
The first indictment, though for a robbery, involved the question of simple larceny, of which the prisoner under that indictment, might have been convicted. So far, therefore, as the nature of the offence is concerned, the plea was valid; the prisoner had, within the issue, been tried and acquitted of the larceny. The rule laid down by the court of sessions, applies; for the same proof would sustain either indictment, to the extent necessary for the purposes of the plea.
In this respect, no proof was necessary on the part of the prisoner. The replication admitted the former indictment and acquittal, and took issue only upon the identity of the offences. In such case it is well settled, that where the former indictment might have been sustained by showing the offence charged in the second, a prima facie case is made out for the prisoner. It then lies with the people to show b}' evidence aliunde, that the offences are substantially different in point of fact, or to give some other [388] answer.
In the case before us, it is said for the people, that the two offences differ in respect to the identity of the property; the former indictment speaking of six gold and silver watches, three of which belonged to De Forrest and three to M’Harg; whereas, now, it is charged that all the six, viz: three watches, and three gold and silver watches, belonged to the latter; and that the prisoner admits by his plea, that he stole these six watches which belong to M’Harg. We can not but see, however, that the difference is mere matter of form; and that proof might have been received, at the last trial, of the same facts which would have been sufficient to sustain the indictment upon the first. The admission in the plea is not of every formal allegation which *220 the counsel for the 'people may choose.to insert in a second indictment. It admits the substance, which is grand larceny of some watch belonging to MTIarg, and that is just such an offence as might have been shown upon the first trial. There is no such substantial conllict in the indictments as to preclude the common averment that the offences are one and the same, and not other or different.
The replication thus admitting a former trial and acquittal upon an indictment sustainable by the same proof which would be receivable under the second, the prisoner was, as his counsel insisted, prima facie entitled to a verdict. It lay with the counsel for the people to prove their case, and then to show by further testimony, that it was not the case before presented, nor which might have been insisted upon at the trial for the robbery.
At all events, the prisoner was entitled to go farther on his part, and show that, in truth, the former trial was concerning a robbery, or a larceny of MTiarg’s watch. This would have exhibited an offence covered by the last indictment, and precluded all farther inquiry concerning it, until the people should reply by contradictory proof, or by setting up, on new proof, a really distinct and untried offence. But the ruling of the court below cut the prisoner off from all farther proof. The whole case was thrown upon a sub-[389] stantial difference between the offences involved in the two indictments, appearing on their face.
The great object in respect to that class of pleas in bar to which this belongs is to sec in the first place, whether the former and the present declaration or indictment are of sufficient capacity to let in the same cause of action or offence under each. If so, the former trial is, prima facie, always a bar. The parties should, however, be allowed free scope for inquiry, as to what ■was, in truth, the substantial matter before litigated. If that were the same, and the case was tried upon its merits, the decision becomes conclusive, especially in a criminal proceeding.
The verdict at the general sessions must be set aside, and a new trial had in that court.