BEEKMAN *vs.* BOND.

Where in an action of trover against a bona fide purchaser, the plaintiff claims to recover under a mortgage of chattels, unaccompanied with a change of possession, a nonsuit will be ordered; the question in such case is one of law and not of fact, and is not to be submitted to a jury, except under special circumstances.

The statute declaring that the question of fraudulent intent shall be deemed a question of fact and not of law, is satisfied by confining its operation to those cases where it is alleged that the conveyance was made with the intent to defraud purchasers or creditors, and cannot be extended to cases of the continuance of possession in the vendor or mortgagor, without bringing the statute upon the subject of these conveyances into unavoidable conflict.

Where on the trial of a cause a fact is assumed by the court and counsel to exist, and the case disposed of at the trial upon such assumption, the non-existence of the fact in the case presented to the court on a motion for a new trial, cannot be urged in opposition to the application for a new trial.

THIS was an action of *trover*, tried at the Saratoga circuit in November, 1833, before the Hon. ESEK COWEN, then one of the circuit judges.

The suit was brought for the value of a *canal boat*, mortgaged to the plaintiff on the 14th October, 1831, by one Francis Hartwell, as collateral security for the payment of a judgment confessed by him and another person in favor of the plaintiff for $1093,22, of which sum $200 was agreed to be paid in 60 days, and the residue in one year. The boat remained in the possession of Hartwell, *so as to enable him from its earnings to pay the debt due the plaintiff.* The $200 was punctually paid. In the fall of 1832, Hartwell sold the boat to the defendant, from whom it was demanded by the plaintiff in November, 1832. The plaintiff had tried to obtain possession from the time that the mortgage fell due, but had not been able to find the boat until the demand made in November. On this evidence the defendant's counsel moved for a nonsuit, insisting that as there had been no change of possession, the transaction was fraudulent; which was resisted by the counsel for the plaintiff, on the grounds that it had been shown that the mortgage was made in good faith, and without any intent to defraud the

creditors of the mortgagor, or subsequent purchasers; and at all events he insisted that the facts of the case *should be submitted to the jury*, for their decision upon the question of fraud. But the judge decided that proof that the mortgage was given for a *bona fide* debt was not sufficient to *rebut the presumption of fraud* as against an innocent *bona fide* purchaser, and he accordingly nonsuited the plaintiff. The plaintiff moved to set aside the nonsuit. The cause was submitted on written arguments.

*W. L. F. Warren,* for the plaintiff.

*N. B. Doe & E. H. Kimball,* for defendant.

*By the Court,* BRONSON, J.  The point raised by the plaintiff's counsel, that the defendant did not prove *he had paid value* for the boat, was not taken on the trial. On the motion for a nonsuit, it was assumed by the judge and by the counsel for both parties that the defendant was a *bona fide* purchaser; and the only question was whether the plaintiff's mortgage was fraudulent. The party cannot now make an objection, which, if taken at the proper time, might have been answered.

That continued possession in the mortgagor rendered the conveyance void as against creditors and subsequent *bona fide* purchasers, is a settled question in this court.

But it is said that the question of fraud belonged to the jury. 2 R. S. 137, § 4. Although that section was not noticed in the opinions which I delivered in *Doane* v. *Eddy,* 16 Wendell, 523, and *Randall* v. *Cook,* 17 id. 53, it was not overlooked. It was not mentioned for the simple reason that I thought it had nothing to do with the question. Let us now see what it is. "The question of *fraudulent intent,* in all cases arising under the provisions of this chap ter, shall be deemed a question of fact and not of law." In the cases to which the section relates, there can be no doubt that the question of fraudulent intent belongs to the jury. By referring to the first section of title 1, and the first section of title 3, it will be seen that the provisions

NEW-YORK,<br>May, 1838.<br><br>Beekman<br>v.<br>Bond.

of the chapter afford an ample field for the operation of the section, without touching the question now before the court: and it cannot be applied to this case without bringing two sections of the same statute into necessary conflict with each other.

The fifth section of title 2 declares, in substance, that as against creditors and purchasers, every sale and conveyance of goods, without a change of possession, " shall be presumed to be fraudulent and void." The only question of *fact* here is about the *possession.* The provision is not, that a conveyance of goods made with a *fraudulent intent* shall be void ; but that a conveyance of goods *without a change of possession,* shall be void. Is the fraud in such cases a question of *fact?* Let the statute answer. The transaction " shall be *presumed* to be fraudulent and void." This is the language of the law, and except under special circumstances, a jury has nothing to do with the question.

To my mind it is quite clear, that the legislature did not intend on one page of the statute book to declare, *as matter of law,* that a particular transaction should be presumed fraudulent ; and then on the next page to say, that the fraud should be a question of *fact* and *not of law.* There is no necessity for giving a construction to the statute which will involve such a contradiction. Let the fourth section perform only its appropriate office, and all will be harmonious. Every conveyance of lands, &c. made *with the intent* to defraud purchasers, § 1, tit. 1, and every conveyance of lands, goods, &c. made *with the intent* to hinder, delay or defraud creditors, § 1, tit. 3, shall be void. To these provisions the fourth section applies, and declares that the *fraudulent intent* shall be a question of fact. But a sale of goods is not only void when made with a fraudulent intent, § 1, tit. 3, but it is void when the possession is not changed. § 5, tit. 2.

The fifth section is an entirely new provision which has been superadded to the old law, and we are not at liberty to adopt such a construction as will render it nugatory.

There was nothing to leave to the jury. This was but the common case of taking a conveyance of personal chattels, and leaving the vendor in possession to gain credit by

the false appearance of continued ownership, and thus putting it in his power to impose on innocent purchasers.

New trial denied.