WALKER *v.* SNEDIKER AND ANOTHER.

A mortgage intended to secure as well future as present advances is valid, but must express its object; and future advances will not be embraced by the mortgage under a subsequent parol agreement.

In general, though a mortgage should be inoperative as to future advances, it will stand valid for the amount truly due at its execution.

Store of goods mortgaged and no possession taken for nineteen days, or reason assigned for non-delivery—*Held*, to be fraudulent as against creditors.

THIS was a judgment creditor's bill. Two questions were involved : first, as to the validity of a mortgage on the ground of discrepancy between the sum due and the amount set forth in it; and next, that the possession of goods embraced by such mortgage, was not changed. October 8th.

*Mr. Evans*, for the complainant.

*Mr. Schieffelin*, for the defendant.

THE ASSISTANT VICE-CHANCELLOR :—The bill is filed, Nov. 4th. by a judgment creditor after execution, and states that on the 24th of December, 1837, a judgment was recovered by the complainant against the defendant Snediker, for $192 21, the issuing of execution on the same day, the return unsatisfied, that the amount due was the said sum of $192 21 with interest, and has the usual allegations contained in such a bill.

It appears that on the 11th of October, 1837, Snediker executed a mortgage to Sickles in the sum of $2,310 of certain stock goods and chattels. This mortgage is impeached on various grounds. *First.* Because it was given for a much larger sum than was actually due ; and larger, even if all the liabilities of Sickles are included.

It appears that at its date there was due in cash $176 84, and the existing responsibilities were $696 46.

On the 13th of October, two days afterwards, Sickles endorsed two other notes amounting together to $168 11. The allegation of the defendant is, that it was executed for the money advanced, the existing responsibilities, liabilities to be afterwards incurred to enable Snediker to continue his business, and to cover certain monies belonging to the infant children of the wife of defendant by her first husband, Sickles being their guardian.

I put this last allegation out of view, as there is no proof of the amount or even reception of such monies.

It has been settled in equity by repeated decisions, that a mortgage to secure future as well as present responsibilities is good. But the better opinion, if not the decided law is, that the mortgage must express the object. It is certain that it cannot be rendered available for future liabilities by a subsequent parol agreement. (*Hendricks* v. *Robinson*, 2 *Johns. C. R.* 308. *Shivras* v. *Craig*, 7 *Cranch*, 34. *United States* v. *Hooe*, 3 *Cranch*, 73. *James* v. *Morey*, 2 *Cowen*, 292. *Driner* v. *MacLaughlin*, 2 *Wendell*, 599. *Ex parte Hooper*, 1 *Mer.* 7.)

But in general a mortgage, even if it is not a security for future advances when not so expressed, is not made void for the amount truly due and the liabilities then existing and afterwards paid. The language of Chief Justice Marshall on this subject is very explicit. " If upon " investigation, the real transaction shall appear to be fair, " though somewhat variant from that which is described, " it would seem to be unjust and unprecedented, to de- " prive the person claiming under the deed of his real " equitable rights, unless it be in favor of a person who " has been in fact injured and deceived by the misrepre- " sentation." (7 *Cranch*, 34.)

In *Parker* v. *Holmes*, (2 *Will's Ch. Rep.* 95,) it was held, that a conveyance or judgment should generally stand for the sum truly due, except where there was actual fraud in the grantee or judgment creditor.

I do not therefore consider this mortgage absolutely void on this ground.

*Next.* The mortgage is impeached on the ground of a

continued possession in the mortgagor.  He remained in possession of the property for nineteen days after its execution, making sales of part of the goods, and receiving avails which he estimates at about $15 a day;

The statute requires an immediate delivery of personal property mortgaged, and a continued possession.  Without this the transaction is presumed fraudulent and void as against creditors ; and this presumption will be deemed conclusive unless the party shows that it was made in good faith, and without any intent to defraud creditors. (*Deans* v. *Eddy*, 16 *Wendell*, 527.)

The requisition of the statute as to an immediate delivery, can only be construed as a delivery within such reasonable time as is proper to effect it, considering the nature of the property.  It is obvious that this could have been accomplished in much less time than nineteen days; There is no reason of weight assigned for the non-delivery ; nothing to repel the statutory presumption of fraud; (See *Beekman* v. *Bond*, 19 *Wendell*, 444.   *Randall* v. *Cook*, 17 *Wendell*, 54.   *Butler* v. *Stoddart*, in Error, 1838,) reported fully in *Edwards on Receivers*, p. 285.

There being funds enough received by the defendant Sickles to pay the complainant, there must be a decree against him for the amount of the debt, with interest and costs, and execution therefor.   In default the complainant may have a decree for an assignment to a receiver of any property now unsold covered by the mortgage.