Smith *v.* Kerr.

---

SAME TERM.    *Before the same Justices.*

### SMITH *vs.* KERR.

The declarations of a defendant in a slander suit, made during an attempt to arbitrate, that he had satisfied the plaintiff by writing to his brother, and exculpating the plaintiff, are not admissible in evidence in favor of the defendant; although such declarations tend to prove one branch of the defence, viz. accord and satisfaction.

Where, on the trial of a cause, improper evidence was received, yet if it appears to the court that such evidence could not have materially influenced the jury in arriving at their verdict, a new trial will not be granted for that cause.

So in respect to an erroneous charge of the judge.

Words imputing the commission of a crime are privileged, if addressed to police officers while engaged in the investigation of such crime, *it seems.*

SLANDER, tried at the New-York circuit, in 1844, before Kent, C. J. The slander consisted in charging the plaintiff with stealing the defendant's money. And the words were uttered in the presence of police officers who were employed by the defendant to make investigations respecting a theft or robbery which had been committed in his store. There was no evidence that any other person was present at the time the

charge was made. The defendant pleaded the general issue. Upon the trial a witness testified that subsequent to the uttering of the slander the plaintiff had said to the defendant that if the latter would write to his brother, at Albany, stating plaintiff's innocence, the plaintiff would be satisfied. The defendant's brother testified to the receipt of a letter from the defendant about a week after the money was stolen, which letter he supposed was lost; that he had looked for it among his letters and papers two or three times and could not find it, and supposed he had destroyed it. The witness being asked to state the contents of the letter, the plaintiff's counsel objected, on the ground that the declarations of the defendant were inadmissible in his own favor. But the court allowed the witness to state the contents of the letter. To which decision exception was taken. The plaintiff also excepted to other decisions of the judge respecting the admission of testimony, and to his charge; which exceptions will appear from the opinion of the court. The jury having found a verdict for the defendant, the plaintiff, upon a case, moved for a new trial.

*E. C. Gray*, for the plaintiff. The judge erred in permitting parol evidence to be given of the contents of the letter. The loss of the letter was not sufficiently proved. Neither should the witness Robinson have been allowed to testify as to the declarations of the defendant, in his own favor, at the time of the negotiation for an arbitration. The judge erred in charging the jury that the words uttered were privileged, if addressed to the police officers in their official capacity. The defendant was not privileged to state any thing more than the circumstances, and his suspicions. At all events, if any privilege existed, as respected the police officers, it would not excuse a declaration made to them when other persons were present, in his own store.

*H. W. Robinson*, for the defendant. As the evidence showed that the words used were addressed to police officers while engaged in the investigation of a robbery, they were privileged.

Smith *v.* Kerr.

(1 *Stark. on Slan.* 202. *Johnson* v. *Evans*, 3 *Esp. Rep.* 32. 11 *Adol. & Ellis*, 380. 20 *Wend.* 488. 12 *Id.* 546.) The charge made by the defendant was justifiable, under the circumstances, as being necessary to the detection of crime and the discovery of the criminal. (2 *Wm. Black. Rep.* 959. *Styles' Rep.* 142.)

BY THE COURT. The only objection to the ruling of the circuit judge, as to the admissibility of evidence, which we esteem worthy of notice, was taken during the examination of the witness Robinson. After he had testified to an attempt made by the parties to arbitrate, he was asked by the defendant's counsel, whether the defendant did not say, during the negotiations to effect an arbitration, that he had satisfied the plaintiff by writing to his brother. This was objected to by the plaintiff's counsel, but the court allowed the question to be put, and the witness answered, that the defendant claimed during those negotiations that he had satisfied the plaintiff by writing to his brother, William Kerr, and exculpating the plaintiff, which was all he desired. This does not appear to have been competent evidence ; and its reception might be a ground for ordering a new trial, under other circumstances. But the question arises on a case, and if this evidence, although objectionable, could not have materially influenced the jury in arriving at their verdict, a new trial ought not to be granted for this cause. It is true, that the evidence tended to prove one ground of the defence, to wit, accord and satisfaction. But the facts which it was claimed constituted that branch of the defence were already made out by other evidence, and there was no controversy as to those facts.

It was clearly proved, that on one occasion when the parties were together, the defendant said he was sorry for what had occurred, and would do any thing in his power for the plaintiff. To which the plaintiff replied, that all he wished was that the defendant would write to his brother, William Kerr, in Albany; and it is proved that a letter had been so written by the defendant, by which he entirely exculpated the plaintiff. As to this,

there was no controversy in point of fact, and the objectionable evidence was merely cumulative upon a point of fact which was clearly established before. It could not have affected the finding of the jury as to the point of fact to which it was directed, and the verdict ought not to be disturbed for this cause.

The charge of the circuit judge was substantially correct. It does not appear from the evidence, that any words imputing a crime to the plaintiff, were uttered by the defendant in the presence of any persons except the two police officers with whom the plaintiff was in communication, for the purpose of detecting a crime. Therefore that portion of the judge's charge in which he stated that the defendant would not be liable to this action for making the statement to police officers, *although done in the presence and hearing of others*, could not, even if erroneous, have had any material influence upon the decision of the jury.

New trial denied.

