COMMONWEALTH *vs.* JOHN CARROLL.

An indictment on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor on a particular day, is sustained by testimony of the alleged purchaser, that he was frequently at the defendant's place and has no doubt that he sold him intoxicating liquor during the month named, although the witness cannot recollect any particular sale or distinguish any one sale during the month from any other.

On the trial of an indictment for an unlawful sale of intoxicating liquor, a witness may be allowed to testify that the defendant " sold him " such liquor, without stating the words and acts constituting the transaction.

INDICTMENT on *St.* 1855, *c.* 215, § 15, for a single sale of intoxicating liquor to William Ruggles on the 1st of June 1859, and a like sale to Edward A. Waterhouse on the 1st of August 1859. At the trial in the superior court in Bristol, the evidence was as follows :

" Ruggles, upon examination in chief, testified that in June 1859 the defendant sold him intoxicating liquor. Upon cross-

examination, the witness testified that he was wholly unable to recollect any particular sale, or in any way to distinguish any one sale made during the month named from any other; but that he testified that the defendant had made a sale to him, upon a general recollection that during that month he was frequently there, and he had no doubt that the defendant often sold him intoxicating liquor during the month named. Waterhouse testified substantially in the same manner as to a sale made to him in the month of August 1859."

Upon this evidence the defendant contended that the jury could not legally convict, because there was no evidence of any particular sale either in June or August, or at any time, to either of the persons named in the indictment. *Morton*, J. declined so to instruct the jury; and instructed them that if upon the evidence they were satisfied beyond a reasonable doubt that the defendant had, in or about the months named, made a sale of intoxicating liquor to each of the persons named in the indictment, they would be authorized to render a verdict of guilty. The jury returned a verdict of guilty, and the judge reported the case for the decision of this court.

*B. Sanford*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. The jury were correctly instructed that if they were satisfied, beyond a reasonable doubt, that the defendant had, in or about the months named, made a sale of intoxicating liquor to each of the persons named in the indictment, they would be authorized to render a verdict of guilty. And the testimony, if believed, was sufficient to authorize such a verdict. Proof of several sales is proof of each of them; but when one only is alleged, the defendant can be convicted of one only.

Testimony of a witness that a sale of liquor was made to him is, if believed, sufficient evidence of a sale. It is not necessary that he should also state the words and acts which constitute a contract of sale. The particulars of the transaction may be drawn from him by cross-examination: and if they do not show a sale, the charge of selling will not be sustained.

The sales in this case must be taken to have been illegal. It was for the defendant to show, if such was the fact, that he was authorized to make them.

The objection that this conviction could not be pleaded and proved in bar of another indictment for the same offences cannot be sustained. The same law, which allows a jury to convict a defendant of an offence alleged to have been committed on one day, by proof that he committed it on another day, also secures him against another conviction for the same offence on a second indictment alleging it to have been committed on a day different from that alleged in the first. It also secures him from another conviction of the same offence on a second indictment that varies from the first in any other immaterial allegation. If this defendant should be indicted again for a sale of liquor to Ruggles or to Waterhouse, and should plead in bar the conviction in this case, such plea would be sustained by the production of the record, and by showing that the same evidence, which would be necessary to support the second indictment, was admissible and sufficient to warrant a conviction upon this indictment. A *prima facie* case would thus be made out for the defendant, and it would thereupon be incumbent on the Commonwealth to show that the charge contained in the second indictment was not the same as that charged in this. *Regina* v. *Bird,* 5 Cox C. C. 11, and 2 Denison, 94. Archb. Crim. Pl. (13th ed.) 118, 122. 2 Gabbett Crim. Law, 330. 2 Petersd. Ab. 737 *& seq.* 3 Greenl. Ev. § 36. See also *Commonwealth* v. *Conant,* 6 Gray, 483, 484; *People* v. *M'Gowan,* 17 Wend. 386

*Judgment on the verdict.*