THE PEOPLE, defendants in error, *vs.* MOSES WHITE, JOHN O'BRIEN, WILLIAM HARTY, RICHARD HENNESSY, PATRICK SCOTT and JOHN TRANT, plaintiffs in error.

Several persons jointly indicted are not entitled to demand separate trials, where none of the acts charged amount to a felony at common law, being for a riot, and for a riotous assault and battery; where there is no allegation that the intent was felonious, or that such weapons were used as would constitute the offense a felony.

Such an offense is merely a misdemeanor, at common law, and it is not made felony by statute.

The provision of the Revised Statutes respecting assaults "with knife, dirk, dagger or other sharp, dangerous weapon," (3 *R. S. 5th ed. p.* 970, § 24,) does not reach such a case.

On an indictment for a misdemeanor only, it is entirely in the discretion of the court to determine whether several defendants shall be tried jointly or separately; and being so, the decision is final.

Where it is apparent from the tenor of the whole indictment that each count relates to the same transaction, and they are only varied for the purpose of meeting the proofs to be given, the public prosecutor is not bound to elect any one count upon which to proceed to trial.

Even in cases where it is proper for the defendant to apply for such election, the application is addressed to the discretion of the court, and the exercise of it is not reviewable on a writ of error.

In proving the guilt of the defendants, on a trial for riot, the regular and orderly way is, first to prove the combination, and then show what was done in pursuance of the unlawful design. But this is not an imperative rule; it rests in the discretion of the judge to prescribe the order of proofs, in each particular case, and, if he deems it expedient, under the special circumstances, to permit the prosecution first to prove the riotous acts, it will be only after the whole case on the part of the government has been openly stated, and the prosecution has undertaken to connect the defendants with the acts done. But it will be sufficient to fix the guilt of any defendant if it be proven that he joined himself to the others after the riot began, or encouraged them by words, signs or gestures, or otherwise took part in the proceedings.

Even though the charge, or other decision, of the court below, be erroneous, still if the court above can see clearly that it could not prejudice the rights of the party objecting to it, the verdict will not be set aside. This rule applies as well to a bill of exceptions, or writ of error, as to a case.

A charge, on a trial for riot, "that if a crowd of three or more persons engaged in the attack on H., with a preconcerted intent to commit an assault and battery upon him, and did accomplish the unlawful act, and the defendants, or any of them, participated in that unlawful proceeding, then they were

The People *v.* White.

guilty of the crime of riot," is correct, within all the authorities defining what constitutes a riot.

It can be no defense to a person indicted for an assault upon a person unknown that the person assaulted becomes known, prior to, or at the time of, the trial; but it must appear that the grand jury knew such person at the time they found the indictment, and that it was found for an assault upon some other person, who was not made known to them.

In such a case, the defendants, by allowing evidence of an assault upon a particular person, without objection for variance, will be held to have assumed that he was the person unknown; where there is nothing to show that any other indictments have been found than the one then on trial.

It is not unusual to convict persons who are jointly indicted, of different grades of the offense charged; or to convict some of them and acquit others; except in cases where the conviction is of an offense to constitute which, all must have participated.

Where the jury, on an indictment for a riot and for a riotous assault and battery, find the defendants not guilty of the riot, a concert of action between them is not to be presumed, any further than the jury have found by their verdict; and each is severally liable for his individual acts.

It is no ground for a motion in arrest of judgment, in such a case, that of the six defendants, jointly indicted, three were convicted of an assault and battery, and three of an assault only.

Nor is it a ground for such a motion that the verdict on an indictment for an assault upon an *unknown* person, is void for uncertainty, and cannot be pleaded in bar of a future indictment against the defendants, or either of them, for an assault charged to have been committed upon a particular person.

THE plaintiffs in error and one John Lyons were jointly indicted at a court of sessions held in and for the county of Onondaga, for a riot and for a riotous assault and battery. The first count of the indictment charged that at an election held in an election district in the fifth ward of the city of Syracuse, on the first Tuesday of November, 1863, they, together with other persons, to the number of twenty or more, to the jurors unknown, did riotously, routously, tumultuously and unlawfully assemble, &c., and with clubs, sticks, staves, bricks and stones, and iron bars, then and there riotously, routously and tumultuously did break, pull down and destroy the engine house where said election was held, and the same did enter, and did then and there riotously, routously and

tumultuously destroy certain fixtures and furniture therein, in disobedience of the commands of the inspectors then acting as such board of election, &c., to the great terror of the people, &c., against the form of the statute, &c., and against the peace of the people, &c.

The second count was substantially in all respects like the first; and the third count charged them with riotously, routously and tumultuously assaulting with like weapons, and with riotously and routously committing, with said weapons, an assault upon a certain person *to the jurors unknown*, and with beating him so that his life was despaired of, &c. The plaintiffs in error were arraigned, and pleaded not guilty, and were tried before the said court and a jury.

At the commencement of the trial, the counsel for the defendants below "asked that the district-attorney elect which count the people shall proceed upon, on the ground that the counts so differ as not to be traversable together. The court overruled the motion, and the defendants excepted."

The defendant White asked to be tried separately, on the ground that the indictment charges a felony. The motion was denied, and he excepted. A like motion was made for each defendant, which motions were denied, and the defendants excepted.

Frank Hiscock, who was the first witness for the people, while testifying to what took place at the time in question, stated, among other things, that he saw Scott, White and Hennessy that night; and he was asked by the district-attorney, "What was said and done there?" It was objected to by the defendants' counsel, on the ground that neither of the defendants were shown to have been present. The people offered to follow it with proof that the defendants were present. Evidence admitted, and the defendants excepted. And the witness proceeded, and testified to what was said and done.

The People *v*. White.

It appeared from the evidence that assaults and batteries were committed, at the time of the affray, upon Hiscock, Farnham and Mulholland; but no assault and battery was proved to have been committed by any of the accused, upon any person who, *at the time of the trial*, was unknown.

After the evidence was closed, "the counsel for the defendants asked the court to direct the district-attorney to elect which count he claimed a conviction under, from the evidence in the case, as the counts admitted of different punishment, and a general verdict might prejudice the rights of the defendants in bringing a writ of error." The court denied the motion, and the defendants excepted.

The court charged the jury, among other things, that "if they believed the evidence that the crowd there disobeyed the orders of the inspectors to keep quiet, and that they concurred in their preconcerted intent to disobey their lawful commands, and that these defendants, or any of them, were participants in that unlawful proceeding, then such person or persons are guilty of the crime of committing a riot." To which charge the defendant excepted.

The court further charged, that " if they believed that on that occasion a crowd of three or more persons engaged in the attack upon Mr. Hiscock, with the preconcerted intent to commit an assault and battery upon him, and did accomplish that unlawful act, and that these defendants, or any of them, participated in that unlawful proceeding, then such person or persons were guilty of the crime of riot." To this charge the defendants also excepted. The defendants requested the court to charge the jury that " there was no evidence in the case that would authorize a conviction of the defendants, or any of them, for riot, under the third count in the indictment." The court declined so to charge, and the defendants excepted. The defendants also requested the court to charge, " that if guilty of assault and battery, only such are guilty as

participated in the assault and battery *upon a person un-known*, as charged in the indictment; and that the defend-ants, or either of them, cannot be convicted of assault and battery on Hiscock, or Farnham, or Mulholland, because they are not mentioned in that count, and because other indictments found against the defendants for that *offense* have superseded the one on which the defendants are on trial." The court declined so to charge, and the defend-ants excepted. The jury retired, and returned into court with a verdict by which they found the defendants O'Brien, Harty and Trant guilty of assault and battery, and the defendants White, Hennessy and Scott guilty of assault; and all the defendants not guilty of the other charges contained in the indictment.

The defendants moved in arrest of judgment, for the alleged reasons, that there was no count charging the de-fendants with *assault and battery*, or of *assault*, which would uphold the verdict of the jury, or which could be pleaded to another indictment for the same offense, when charged as being committed on any particular person. Also that the defendants could not, on the face of the indictment, be convicted of any other offense than riot; also that a part of the defendants could not be convicted of one offense, and a part of another, as the indictment charged a joint offense; and also that the defendants should be dis-charged on account of variance between the indictment and the evidence. The court refused to arrest the judg-ment, and the defendants excepted.

The defendants were separately sentenced, Trant, Harty and O'Brien, each to be imprisoned in the county peni-tentiary at hard labor for one year, and each to pay a fine of $250, and to stand committed, each, until his fine was paid; and White, Hennessy and Scott, each to pay a fine of $200, and each to stand committed until his fine was paid. Each defendant separately sued out a writ of error, to bring his case into this court for review.

The People *v.* White.

*R. H. Gardner* and *Geo. F. Comstock,* for the plaintiffs in error.

*W. H. Gifford,* for the people.

*By the Court,* FOSTER, J. I. The accused were not entitled to demand separate trials. None of the acts charged amounted to felony, at common law, being for a riot and for a riotous assault and battery, and there being no allegation that the intent was felonious, or that such weapons were used as would constitute the offense of felony. At common law the offense charged was merely a misdemeanor, as appears to be well settled by the authorities cited on the argument. It is not made felony by statute. The act referred to by the counsel for the accused (3 *R. S. 5th ed.* 970, § 24) does not reach this case. It applies to persons who shall assault, &c., "with *knife, dirk, dagger, or other sharp, dangerous weapon.*" In this indictment none of the above mentioned weapons are specifically named; nor is there any allegation that the weapons used were either *sharp or dangerous.* The offense being therefore only a misdemeanor, it was entirely in the discretion of the court to determine whether the defendants should be tried jointly or separately. (3 *R. S.* 1028, § 22.) And being so, the decision was final.

II. The district-attorney was not bound to elect any one count upon which to proceed to trial; and the court properly overruled the motion made to compel him to do so. It is apparent from the tenor of the whole indictment that each count relates to the same transaction, and they are only varied for the purpose of meeting the proofs to be given. In such case, even on a charge of felony, the court will not compel the prosecutor to elect. And in cases of misdemeanor, several counts may be included, each charging distinct and independent offenses. The defendant may be tried upon all and convicted of all or any of them, according to the proof.

(*Kane* v. *The People*, 8 *Wend.* 203.)    These principles apply
to such a motion, made after the testimony is closed; and
even in cases where it is proper for the defendant to apply
for such election, the application is addressed to the dis-
cretion of the court, and the exercise of it is not reviewable
on a writ of error.    (*People* v. *Baker*, 3 *Hill*, 159, *and cases
cited on points.*)

III.  Hiscock had testified concerning the transaction on
the evening in question.    He had spoken of seeing three
of the defendants, and was detailing the occurrence, and
the question which was put to him: " What was said and
done there?" being objected to by the defendants' counsel,
the district-attorney proposed to follow it up with proof
that all the defendants were present.    The question then
was merely as to the order of proof, and was matter in the
discretion of the court, and its decision final.    " In proving
the guilt of defendants (in case of riot) the regular and
orderly way is first to prove the combination," and then
show what was done in pursuance of the unlawful design;
but this is not an imperative rule.    It rests in the discretion
of the judge to prescribe the order of proofs in each par-
ticular case, and, if he deems it expedient, under the
special circumstances, to permit the prosecution first to
prove the riotous acts, it will be only after the whole case
on the part of the government has been openly stated, and
the prosecution has undertaken to connect the defendants
with the acts done.    But it will be sufficient to fix the
guilt of any defendant if it be proven that he joined him-
self to the others, after the riot began, or encouraged them
by words, signs or gestures, or otherwise took part in their
proceedings.    (3 *Greenl. on Ev.* § 221.  1 *Hale's Pleas of
the Crown*, 462, 463.  2 *Campbell*, 358, 370.  4 *Burr.* 2073.)

IV.  As to the portion of the charge first excepted to, it
is sufficient to say that whether correct or not, it could
not have influenced the verdict rendered against the de-
fendants for an assault and battery; and it is well settled

The People v. White.

that even if the charge, or other decision of the court below, be erroneous, still if the court above can see clearly that it could not prejudice the rights of the party objecting to it, the verdict will not be set aside; and this rule applies as well to a bill of exceptions or writ of error, as to a case. (*People* v. *Scott*, 6 *Mich. Rep.* 289. *Hayden* v. *Palmer*, 2 *Hill*, 205. *Smith* v. *Kerr*, 1 *Barb.* 155. *Dole* v. *Lyon*, 10 *John.* 47. *Shorter* v. *People*, 2 *Comst.* 193, 202.) And the second portion of the charge excepted to, "that if a crowd of three or more persons engaged in the attack on Mr. Hiscock, with the preconcerted intent to commit an assault and battery upon him, and did accomplish the unlawful act, and the defendants, or any of them, participated in that unlawful proceeding, then they were guilty of the crime of riot," was correct, within all the authorities defining what constitutes a riot. And besides, as the verdict was for assault and battery only, and was not in any way influenced by the charge, under the rule above stated, error will not lie, even though it were erroneous. The same rule applies to the refusal to charge that there was no evidence in the cause that would authorize a conviction for riot, under the third count of the indictment. There being no conviction for a riot, the defendants suffered no injury from the refusal.

V. The request to charge, "that if guilty of assault and battery, only such are guilty as participated in the assault and battery, upon a person unknown, as charged in the indictment; and that the defendants, or either of them, could not be convicted of assault and battery on Hiscock or Farnham or Mulholland, because they are not mentioned in that count, and because other indictments found against the defendants, for that offense, had superceded the one on which the defendants were on trial," was made after proof had been given that such assaults and batteries had been committed upon Hiscock, Farnham or Mulholland. It did not appear, on the trial, that

either of them were made known to the grand jury; nor but that some or one of them were, or was, the person to the grand jury unknown, and for the assault of whom the indictment was found. It can be no defense to a person indicted for an assault upon a person unknown, that the person assaulted becomes known prior to or at the time of the trial; but it must appear that the grand jury knew such person at the time they found the indictment, and that it was found for an assault upon some other person, who was not made known to them. (*Nookes* v. *The People*, 25 *N. Y. Rep.* 380, 389, *per Davis, J.*) And the defendants, by allowing evidence of the assault on Hiscock without objection for variance, assumed that he was the person unknown. (*Beekman* v. *Bond*, 19 *Wend.* 444. *People* v. *Cook*, 4 *Seld.* 67. *Jencks* v. *Smith*, 1 *Comst.* 90.) And there was nothing to show that any other indictments had been found than the one then on trial.

Two grounds are relied upon in support of the motion in arrest of judgment; *first*, that it was irregular to convict three of the defendants of an assault and battery, and three of them of an assault only, for the reason that they were jointly indicted; and, *secondly*, that the verdict was void for uncertainty, and could not be pleaded in bar of a future indictment against the defendants, or either of them, for an assault charged to have been committed upon *any particular person*. It is not unusual to convict persons who are jointly indicted, of different grades of the offense charged, or to convict some of them and acquit others, except in cases where the conviction is of an offense, to constitute which, all must have participated. (1 *Archb. Crim. Pl.* 97. *Whart. Crim. Law*, §§ 434, 435. 2 *Burr.* 980–4. 5 *Barr*, 83.) And in this case, the jury having found the defendants not guilty of the riot, a concert of action between them is not to be presumed, any further than the jury have found by their verdict; and each is severally liable for his individual acts. And if the defendants,

or any of them, should be indicted for an assault and battery committed upon Hiscock, Farnham or Mulholland, there would be no difficulty in pleading the indictment and conviction in this case in bar; and on the trial of such issue, it would be competent for the defendants to show that on the former trial, proof of an assault upon such person was given, and that it was the assault for which the jury found their verdict; and such proof would entitle the defendants to an acquittal.

The judgment should be affirmed.

[ONONDAGA GENERAL TERM, June 28, 1864. *Morgan, Bacon* and *Foster,* Justices.]