(61 App. Div. 312.)

### PEOPLE v. SATCHWELL.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. CRIMINAL LAW—FORMER CONVICTION—PRIMA FACIE PROOF.

On a prosecution for selling liquors without a license, a plea of former conviction is prima facie established by a record showing a conviction under an indictment which could be sustained by the evidence necessary to support the second indictment.

2. SAME—EVIDENCE—SUFFICIENCY.

On a prosecution for selling liquors without a license to B., a plea of former conviction is sustained by the production of a record showing a conviction under an indictment for selling spirituous liquors without license at the same time and place to "Gardiner C. Hibbard, and to other and divers persons" to the grand jury unknown.

Appeal from trial term, Tioga county.

Orneldo Satchwell was convicted of selling spirituous liquors without a liquor tax certificate, and from the judgment on a verdict on a plea of former conviction, and from an order denying a motion for a new trial, defendant appeals. Reversed.

At a trial term of the supreme court held in Tioga county in March, 1899, the grand jury found an indictment against the defendant, charging that on or about the 30th day of December, 1898, at the town of Candor, in that county, the defendant sold by retail "to Gardiner C. Hibbard, and to other and divers persons to this grand jury unknown, and did deliver, in pursuance of such sale, to the said Gardiner C. Hibbard and to the said other and divers persons strong and spirituous liquors," in quantities of less than five gallons at a time, without having any liquor tax certificate granted to him. The defendant was arraigned under this indictment, pleaded guilty, and was sentenced by the court to pay a fine of $200. At a June term of the county court of the county of Tioga the grand jury found an indictment against the defendant, charging that on or about the 30th day of December, 1898, at the town of Candor, in that county, the defendant sold by retail "to Frederick J. Bryant, and did deliver, in pursuance of such sale, to the said Frederick J. Bryant, and divers other persons to this jury unknown, strong and spirituous liquors," in quantities of less than five gallons at a time, without having any liquor tax certificate granted to him. On arraignment under this indictment, the defendant entered a plea of a former conviction. The trial of this issue was had before a jury of that county, and a verdict was rendered for the people. On the trial it appeared by the testimony of the witnesses Bryant and Hibbard the special agents of the excise department who made the complaint against the defendant, that they had been at defendant's hotel and bought liquor on but one occasion, and that was on December 30, 1898. Hibbard and Bryant each bought from the defendant, and paid for, intoxicating liquors, which were drunk by themselves and others, and Bryant bought liquor which was not drunk. Their testimony before the grand jury that found the first indictment was substantially the same as their testimony before the grand jury that found the second indictment. From the judgment entered on the verdict of the jury, and from the order of the court denying defendant's motion for a new trial, this appeal was taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John P. Wheeler, for appellant.
O. B. Glezen, Dist. Atty., for the People.

EDWARDS, J. On the undisputed facts in this case, the defendant, on his plea of a former conviction, was entitled to judgment. The burden was on him to show a conviction of an offense identical with the one with which he was charged in the second indictment. This he established, prima facie, by the production of the record showing a conviction under an indictment which could be sustained by the evidence necessary to support the second indictment; and it was then incumbent on the prosecution to show that the conviction was in fact for a different offense. 3 Greenl. Ev. § 37; 17 Am. & Eng. Enc. Law, 597; People v. McGowan, 17 Wend. 386; Com. v. Robinson, 126 Mass. 259. I think there can be no question that under the first indictment, charging the defendant with selling strong and spirituous liquors at the town of Candor on December 30, 1898, "to Gardiner C. Hibbard, and to other and divers persons to this grand jury unknown," the prosecution could have proved the sale by the defendant on that day, in that town, of strong and spirituous liquors to Frederick J. Bryant,

as charged in the second indictment. The offense consisted in the sale of liquor without a liquor tax certificate, and, under the designation "to other and divers persons," proof may be given of sale to any individual. People v. Adams, 17 Wend. 475; People v. White, 55 Barb. 606. It is true that each sale of liquor without a license is a distinct offense, and the prosecution proved sales made by the defendant on December 30th to both Hibbard and to Bryant, but the only effect of this was to show that there could have been a conviction under the first indictment for a sale to Hibbard. So there could have been for a sale to Bryant. Had the conviction been the result of a trial, the record might have shown that it was in fact for an offense other than the one now charged; but, the defendant having pleaded guilty to the first indictment, his conviction on that plea was, in legal effect, of any offense which was provable against him under that indictment. Such a plea "is a record admission of whatever is well alleged in the indictment." 1 Bish. New Cr. Proc. § 795. If an anomalous result is thus produced, it is attributable to the form of the pleading in the first indictment. Had it charged the sale of intoxicating liquors on that day to Hibbard only, the plea of guilty would have been of an offense which would have been readily distinguishable from the one charged in the second indictment.

The judgment and order denying a new trial should be reversed. All concur.