THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ESGOOHIE AFARIAN, Appellant.

County Court, Broome County, June 8, 1949.

*Henry S. Travis* for appellant.

*Robert O. Brink, District Attorney (Samuel W. Bernstein, Assistant District Attorney,* and *B. H. Chernin* of counsel), for respondent.

McAvoy, J. This is an appeal from a judgment of the City Court of Binghamton, entered upon the verdict of a jury, convicting the defendant of the crime of assault, third degree. The defendant in addition to her plea of not guilty to the charge, entered a special plea of not guilty upon the ground of a former conviction for the same offense. The special plea was based on a

conviction for the offense of disorderly conduct previously rendered in the same court.

On the assault trial defendant's motion to dismiss the complaint on the ground of former conviction was denied. Thereafter the defendant offered in evidence the record of the testimony taken on the disorderly conduct trial, in support of her plea of double jeopardy and such record was refused. The defendant also attempted to interrogate the arresting officers on what specific acts they based their disorderly conduct charge and an objection to such evidence was sustained. It thus appears that the trial court, in effect, ruled as a matter of law, that the previous conviction was for a different offense and consequently rejected any attempt to show that they were identical. This, defendant claims, was error.

If upon the face of the informations filed on the respective charges, or from a construction of the record of the former trial, it appears that the offenses were actually different, then the trial court was correct in rejecting such testimony. Where the facts are not in dispute, a plea of double jeopardy presents a question of law only. (*People* v. *Smith,* 172 N. Y. 210, 226; *People ex rel. Kammerer* v. *Brophy* 255 App. Div. 821, 822, affd. 280 N. Y. 618.) On the other hand if after an inspection of the face of the complaints and a construction of the record of the former trial, there is some uncertainty as to whether the offenses are actually identical the defendant should then be allowed '' free scope for inquiry, as to what was, in truth, the substantial matter before litigated ''. (*People* v. *McGowan,* 17 Wend. 386, 389.)

The disorderly conduct complaint, upon which defendant had been previously convicted, was couched in the broadest terms and alleged insofar as material here as follows: '' That at the City of Binghamton, N. Y., on or about August 27th, 1947, Esgoohie Afarian did violate Subd. 1, Sec. 722 of the Penal Law of the State of N. Y. in that they were persons who with intent to provoke a breach of peace, did act in a disorderly manner, to wit: did engage in a fist fight on Corbett Ave., in said City. This woman also started to fight again after Officer Walker and myself stopped the fight which was in progress when we arrived. Fight was with neighbors in front of 15 Corbett Ave.''

The assault, third degree, complaint upon which defendant was subsequently convicted charged: '' That at the City of Binghamtor, N. Y., on or about August 27th, 1947, Esgoohie Afarian did commit the crime of Assault in the Third Degree in that she did then and there wilfully and unlawfully strike, beat and assault your deponent's wife, Mary Mardirian, about the head, face and body with her fists and with bottles ''.

The face of the respective complaints indicates that the act charged in the second could have been embraced within the acts charged in the first, in which event the plea of double jeopardy would have merit. While the burden is on the defendant to show a conviction of an offense identical with the one with which she was charged in the second information, this is established, prima facie, by the production of the record showing a conviction under an information which could be sustained by the evidence necessary to support the second information, and it is then incumbent on the prosecution to show that the conviction was, in fact, for a different offense. (*People* v. *Satchwell,* 61 App. Div. 312; *People* v. *McGowan,* 17 Wend. 386, *supra.*)

For the same acts an accused cannot be convicted of the offense of disorderly conduct and also the crime of assault third degree. (*People ex rel. Ticineto* v. *Brewster* 241 App. Div. 467; *People* v. *Goldfarb,* 152 App. Div. 870, affd. 213 N. Y. 664.)

In the case at bar since the question of identity of offenses cannot be conclusively determined by an appellate court from the face of the complaints alone, resort must therefore be had to an inspection of the record of the former trial.

Such record was rejected on the present trial and any inquiry into the subject matter formerly litigated was shut off. As this assault, third degree, trial was had before the same court, it is apparent that the rejection of such evidence was based upon facts within the court's own knowledge. It has been held improper for a court to overrule a plea of former jeopardy, because from facts within its own knowledge, the averments are untrue, and without evidence properly produced before the court. (*Coburn* v. *State,* 151 Ala., 100; 15 Annotated Cases 249, 250; 16 Encyclopedia of *Pleading* and *Practice,* 582, 583; *Lovett* v. *State,* 80 Ga. 255; *Dockstader* v. *People,* 43 Col. 437.) It has also been held that it is not for the court to decide in advance that the defendant's plea of former conviction cannot be established. (*State* v. *Johnson,* 11 Nev. 273; *Lovett* v. *State, supra; Powell* v. *State,* 17 Tex. App. 345.)

Every case involving a plea of former conviction or acquittal must be decided on its own facts. Ordinarily the former conviction cannot be proved otherwise than by the record. But since the record is not always conclusive, parol evidence in such cases must be resorted to in order to establish the defense. (*Darland* v. *United States,* 161 U. S. 306; *People* v. *Smith,* 258 Ill. 502.) In this case we have no record of any parol evidence because such testimony was not allowed on the assault, third degree, trial in support of defendant's plea.

It appears from an examination of the record that the court below based its opinion that the offenses were not identical, upon the testimony of one of the arresting officers to the effect that he had arrested defendant in the disorderly conduct case for resuming the neighborhood fight after she had been told to stop. While this incident might have precipitated the arrest, the charge as actually made was for " engaging in a fist fight — with neighbors " and for starting to " fight again after Officer Walker and myself stopped the fight which was in progress when we arrived ". Both charges stemmed from the one altercation and the record is not conclusive as to whether the subsequent assault, third degree, charge was embraced within the broad scope of the acts charged in the disorderly conduct complaint.

At page 10 of the minutes (disorderly conduct trial) the arresting officer was asked the following questions:—

Q. Just exactly what act did you charge against Mrs. Afarian as disorderly conduct?
A. An act of violence on the street.
Q. Specifically tell me?
A. Hitting a person on a public street.

Whether such " act of violence " or " hitting " was that for which defendant was subsequently arrested and prosecuted in the assault, third degree case is not clear.

And again (at p. 25) Officer Sullivan (complainant) was asked:—

Q. What did you see when you first got there?
A. We didn't pay much attention, except there was a fight in progress, fighting to break up.
Q. You don't know who was hitting who, do you?
A. Apparently everybody had.
Q. I asked you when you first got there, did you see these people who was hitting who?
A. I guess everybody was.

Such excerpts from the testimony taken on the former trial indicates that there was a fight in progress when the officers arrived in which everybody engaged. It is therefore difficult for an appellate court to determine conclusively from the present state of the record whether the fighting alleged and proved in the assault, third degree, case was the same fight charged in the disorderly conduct information and thus testified to on the disorderly conduct trial.

This question might have been answered had the defendant been allowed " free scope for inquiry " as stated in the *McGowan* case (17 Wend. 386, *supra*). " Where a defendant

relies upon an adjudication of the matters in controversy in a former suit, he is not confined to the record alone, but may show by extrinsic proof what particular matters were litigated, provided the matters sought to be shown were within the issues tried." (*People ex rel. Hunt* v. *Markell,* 22 Misc. 607, 608–609.)

Therefore the record of the former trial should have been received in evidence and defendant given full opportunity to show by extrinsic proof, if she could, that the present charge was embraced within the matters formerly litigated.

The judgment of conviction is reversed for errors of law and a new trial granted.