UNITED STATES of America, Plaintiff-Appellee,

v.

John CIMINO, Defendant-Appellant.

No. 339, Docket 23605.

United States Court of Appeals Second Circuit.

Argued June 14, 1955.

Decided June 29, 1955.

see United States v. Potash, 2 Cir., 118 F.2d 54, certiorari denied Potash v. United States, 313 U.S. 584, 61 S.Ct. 1103, 85 L.Ed. 1540, and did not constitute double jeopardy in the later proceedings before a new jury. Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968; Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146.

Affirmed.

Julio E. Nunez, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (J. Edward Lumbard, U. S. Atty., on the brief), for plaintiff-appellee.

Robert Mitchell, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

The defendant's claim of double jeopardy rests on the declaration of a mistrial in prior proceedings involving this indictment for a sale of heroin in violation of 21 U.S.C. §§ 173, 174. Judge Palmieri declared a mistrial on the motion of the government when, after the impaneling and the swearing in of the jury, one juror spontaneously rose to say: "Your Honor, I am very much against narcotics, I think I should point that out to you now." This effort of the trial judge to preserve the defendant from any possible bias on the part of the jury was not an abuse of his discretion,