Henry J. Kaxjnowski, J.
This motion is brought by the defendant to dismiss the information pending against him on the grounds of double jeopardy.
The defendant was arraigned on a charge of possessing a dangerous drug in contravention of section 220.05 of the Penal Law. A jury was demanded and the matter eventually came to trial on April 9, 1969. On the latter date a jury was impaneled and sworn and openings to the jury were made by both counsel. Witnesses were excluded from the courtroom during the voir dire and the openings. The District Attorney then called his first witness, and as appears from the trial transcript the following occurred:
“ Direct-Examination by Mr. Bobbins:
‘ ‘ Q. What is your name and badge number ? A. Ptl. Bonald Dillon, Shield No. 1270, Eighth Precinct, Nassau County Police Department.
“ The Court: Juror Number 6.
“ Juror No. 6: I know the Officer.
“ The Court: May I at this time ask you, sir, how close was this relationship?
“ Juror No. 6: Just that he happened to be a patrolman in the area.
“ The Court: And did you have any personal contact with him?
“ Juror No. 6: I worked in the Post Office there, and he was the patrolman in the area at that time.
‘ ‘ The Court: The fact that he was a patrolman in the area, would that in any way leave you with a tendency to believe his testimony to a greater extent than you would otherwise?
“ Juror No. 6: No.
“ The Court: Do you think that you can judge this case impartially?
“ Juror No. 6:1 believe so.
“The Court: Do you have any questions, Miss Meng? (attorney for the defendant)
“ Miss Meng: No. Your Honor, but I would like to approach the bench.
(Whereupon, there was a discussion at the bench.)
“The Court: The first five jurors are excused. Will you kindly take the first five jurors to the jury room?
“ (Whereupon, the first five jurors were excused.)
*499 ‘1 The Court: Sir, do you remember Ptl. Dillon working for the Postal Department?
“ Juror No. 6: Offhand, no. There were so many.
“ The Court: Do you recall having any personal conversation with this witness?
“ Juror No. 6: Have I had any?
“ The Court: Yes.
“ Juror No. 6: I would say, yes.
‘ ‘ The Court: I think that in view of the fact that there was a personal relationship between the witness and the juror, I think we ought to excuse him for cause.
“ Miss Meng: Thank you, Your Honor.
‘ ‘ The Court: I think at this point we should declare a mistrial and start anew tomorrow morning.”
It will be noted that defendant’s counsel requested to approach the Bench and it was during this discussion that the court learned that the witness was at one time employed at the same post office and that he recalled Juror No. 6 as an employee of the post office, which fact prompted the court to inquire of Juror No. 6 if he remembered Ptl. Dillon working for the Post Office Department. To which inquiry Juror No. 6 responded: 11 Offhand, No. There were so many.”
It will further be noted that defense counsel after the court excused Juror No. 6 for cause, stated, “Thank you, Your Honor.”
The gravamen of defendant’s motion is that double jeopardy attached once the witness was sworn and some evidence was taken. This contention is well established through case law. (People v. Jackson, 20 N Y 2d 440, cert. den. 391 U. S. 928; People on Complaint of Forastiere v. Clark, 3 A D 2d 700; Matter of Bland v. Supreme Ct. of N. Y. County, 20 N Y 2d 552.) The court is thus presented with two issues. First, does the giving of his name and badge number by a witness constitute the giving of some evidence? Second, was the mistrial improperly granted? If the mistrial was properly granted then there is no bar to a subsequent prosecution on the same charge consistent with the defendant’s constitutional rights. (Gori v. United States, 367 U. S. 364; Simmons v. United States, 142 U. S. 148.)
This court is of the opinion that the acquaintanceship between the juror and the witness was grounds for a mistrial. The Trial Judge is in the best position to exercise his discretion and to intelligently determine where the needs of substantial justice require the declaring of a mistrial. The exercise of that discretion has been favored and upheld. (Gori v. United States, supra; *500 United States v. Cimino, 224 F. 2d 274.) It is significant that a conference took place involving defense counsel and that after further questioning and the granting of the mistrial defense counsel thanked the court.
The court is mindful, though hesitant to take judicial notice of the fact, that generally the female specie is confusing to man, and thereby perhaps misunderstood, for as between man and woman there appears to be major conflict in the interpretation of words. In the law, however, the court must assume that we all speak the same language and it must therefore be interpreted that in thanking the court, defense counsel acquiesced, if she did not specifically approve of the action taken by the court.
The granting of the mistrial was a proper exercise of discretion. Defense counsel given every opportunity to object did not object but let the court believe she acquiesced
The question as to what constitutes “ some evidence ” is more difficult. The Court of Appeals in People v. Jackson (supra) referring to section 6 of article I of the State Constitution stated: “ It is the law of this State that a person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, when a jury has been impaneled and when some evidence is taken,” (citing, People ex rel. Stabile v. Warden, 202 N. Y. 138; People v. Cignarale, 110 N. Y. 23; People v. M’Gowan, 17 Wend. 386 [N. Y., 1837]).
There does not appear to be any controlling case law on the question of what constitutes “ some evidence,” and its definition is best left to the appellate courts; however, restricting this decision to the outlined facts, there is no testimony to weigh in order to determine whether it constitutes “ some evidence,” as the mere introduction of a witness by name and badge number without further testimony can hardly constitute “ some evidence.”
The defendant’s motion is accordingly denied in all respects.