JACKSON, ex dem. Skinner and others, *vs.* PACKARD.

A mortgage taken on a loan of money, including a former usurious loan, is void ; the taint of usury destroys the *whole security*.

Where A. had executed an usurious mortgage with covenants of warranty, and subsequently sold and conveyed the mortgaged premises by deed with warranty to a third person, taking back a mortgage to secure the consideration money, and assigned the same, in an action of ejectment by the assignees of the second mortgage against a purchaser under a foreclosure of the usurious mortgage, A. is a competent witness to prove the usury.

A new trial will not be granted because a judge expresses an opinion in his charge to the jury, that a discrepancy between the testimony of a witness and his former statement seems naturally enough accounted for.

THIS was an action of ejectment, tried at the Washington circuit in November, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The lessors of the plaintiff claimed to recover the premises in question, as the assignees of a mortgage duly recorded, executed by one Joseph Percival to Braddock Baker, bearing date in 1825. The defendant claimed to hold under a foreclosure of a mortgage, executed by Baker, (the mortgagee in the other mortgage,) to one Mulford, bearing date in 1824, containing covenants for the payment of the money, and of warranty. The plaintiff offered Baker as a witness to prove the mortgage to Mulford to be usurious. It was objected that he was interested, because the premises in question were conveyed by him to Percival, at the date of Percival's mortgage, by deed with warranty ; and the mortgage from Percival also containing a covenant of warranty, he was liable on his covenant to the lessors of the plaintiff. The objection was overruled, and Baker testified that sometime previous to the execution of the mortgage to Mulford, he borrowed of him $75, for which he agreed to pay interest at the rate of twelve per cent. per annum ; that at the time of the execution of the mortgage, the interest was cast at the rate upon the sum of $75, and included in the mortgage ; that he received only $200 upon the mortgage, including the $75, with the interest cast at twelve per cent. The mortgage is

for the sum of $213. On the part of the defendant, declarations of Baker were proved that the mortgage was not usurious, and Baker admitted that he had been frequently interrogated on the subject, and that he had given evasive answers, wishing that his embarrassments might not be known. The judge charged the jury that if they were satisfied that the sum of $75 was loaned on an usurious agreement, and that such sum was included in the mortgage, the mortgage was void, and the plaintiff was entitled to a verdict. On the different relations given of the transaction by Baker, the judge remarked that the discrepancy between his testimony and former statements seemed naturally enough accounted for. The jury found for the plaintiff, and the defendant moved for a new trial.

*S. Stevens,* for the defendant, insisted that Baker was an incompetent witness ; that the mortgage was good for the sum beyond the $75, 3 *Starkie's Ev.* 1524, and that the judge misdirected the jury in relation to the credit to be given to the testimony of the witness ; he should have submitted his credibility to the jury.

*D. Russell,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The questions which arise upon this case are, 1st. Was Baker a competent witness? 2d. Did he establish the usury ? 3d. Was there any material misdirection on the part of the judge ? The interest of Baker was clearly balanced. The verdict could never be given in evidence for or against him ; if the title of the plaintiff failed, he would be liable on the covenant contained in his deed to Percival, which was given at the same time with the mortgage from Percival to him, of which the lessors of the plaintiff were the assignees. If the defendant should be evicted, Baker would be responsible on the covenants of warranty contained in the mortgage given by him to Mulford, under which the defendant held ; so that in either event, he might be responsible to one or the other of the parties. He could not avail himself, in an action brought against him by the defendant,

of the fact that in this case the mortgage had been shown to be usurious. Baker's testimony, if true, establishes the fact of usury beyond all question. If a mortgage, or any other security is given for two or more antecedent loans, either of which was infected with usury, the whole security is void. The statute declares that all bonds, &c. whereupon or whereby there shall be reserved, or taken, or *secured*, or agreed to be reserved, or taken, above the sum of seven per cent. shall be utterly void. There is no such thing as such an instrument being void in part, and good for the residue. The taint of usury destroys the whole *security*. So far as any part of the consideration was founded upon a pre-existing valid security, it can be recovered on the ground of the original consideration. If A. is justly indebted to B. in $1000, for which he gives him a bond and mortgage, covering usurious interest, the bond and mortgage are void; but the *debt* may nevertheless be recovered; that is not annihilated, or affected by the subsequent usurious agreement.

The observation of the judge, that the discrepancy between the testimony of Baker and his former statement, seemed naturally enough accounted for, can hardly be considered a misdirection. It was nothing more than the expression of the opinion of the judge upon that point; but it in no respect assumed to take from the jury the right to judge for themselves upon the matter.

ALBANY,
Jan. 1831.

Jackson
v.
Packard.

*Motion for new trial denied.*