## Strang   *vs.*   Wilson.

### *Error to Desmoines.*

The payee of a promissory note given originally without a valuable consideration, is a competent witness in a suit by the endorsee against the maker to prove that the plaintiff paid full consideration for the note, and that it was endorsed before maturity.

The endorser, when not interested, is competent to prove facts arising after the execution of the note, but not to prove as to original liability of the maker.

The action was *assumpsit* upon a promissory note given by Strang to Smith, and by him endorsed to Wilson.    The bill of exceptions sets forth that " the defendant having notified the plaintiff that on the trial he would be required to prove that the note on which suit was instituted had been obtained for a valuable consideration, and the defendant having introduced testimony to show that said note was given for unimproved lands belonging to the United States, the plaintiff offerred to prove by Jeremiah Smith, the payee and endorser of the note, that the same was endorsed by the plaintiff before maturity and for a good and valuable consideration; to which testimony the defendant objected, and the objections overruled by the court.    Whereupon defendant excepted, &c. "

The introduction of this witness was the only point relied upon for error.

GRIMES, for plaintiff in error.

BROWNING, for defendant.

By THE COURT, MASON, CHIEF JUSTICE.—The suit in the court below was brought on a promissory note given by Strang to one J. Smith, or order, for unimproved lands belonging to the United States, and endorsed to the plaintiff below. The latter having been notified that on the trial he would be required to show that he had paid a valuable consideration for said note, and it having been proved on the trial that there was a total want of legal consideration, as between the original parties to the note, the defendant in error was required to show that he obtained the note for a good and valuable consideration, before the same became due. To prove these facts, Smith, the payee of the note, was offered as a witness. He was objected to as incompetent, but the objection was overruled, to which decision exception was taken at the time, and the case brought up hereby writ of error for reversal.

The only inquiry is, as to Smith's competency. It has been universally decided, that the endorser of a promissory note, is a competent witness for some purposes but incompetent for others. As to what particular facts he is or is not a competent witness, we find some discrepancy in the decisions of different courts. In 1 Massachusetts Reports 73, it was decided that he was incompetent to prove the handwriting of the maker without a release, and in Rice vs. Stearns 3 Mass. 225 he was declared competent for this purpose if the endorsement had been made "without recourse." The New York courts have decided that he is not competent to prove the original contract usurious. In 15 Johnson's Reports 240 and again, 16 Johnson 201 it was decided that he was incompetent to prove the signature even where the endorsement was "*without recourse*," upon the ground that his endorsement in this manner would not protect him if the original signature had been forged. It has also been decided in the same court that he was not competent to prove a promise by the maker within six years, for the purpose of avoiding the statute of limitations. Baskins vs. Wilson 6 Cowen 471.

There is some discrepancy in the cases above referred to, but none of them are at variance with the rule that the endorser is not a competent witness to prove or to disprove the legal obligation of the maker to pay the note independent of the rights of an innocent purchaser. This rule has, however, in New York become very much relaxed in favor of enlarging the competency of the endorser as a witness. In Stafford vs. Rice, 5 Cowen 23, it was decided that the endorser was competent to prove the note void in its inception for usury. A decision similar in principle was also made in the case of the Utica Bank vs. Hilliard, 5 Cowen 153, and in Jackson vs. Peckard, 6 Wendell 415.

It will be observed that the strictest of these decisions only go to declare the endorser incompetent to establish or disprove the maker's original liability on the note. We have seen none that go to establish a more rigid rule on this subject. On the other hand, courts have generally been of the opinion that unless interested in the event of the suit, the endorser was competent to prove facts subsequent to the due execution of the note, * and which go to destroy the title of the holder; and his admissibility would seem to be still more evident if called to sustain that title. This was the decision in Woodhull vs. Holmes 10 Johnson 231, and in Skilding and others vs. Warren, 15 Johnson 270. In the case of Baker vs Arnold, 1 Caine 258, (cited in Starkie on Evidence 179, note (A.) it was decided that the endorser was competent to prove that the note was assigned after it became due, and we see no reason which would in that case have prevented him from swearing that the assignment took place previous to the maturity of the note if such had been the fact.

But aside from precedent and authority, what principle of reason would have prevented Smith from testifying in this case? Admitting (what is stated in the bill of exceptions) that the note was given for no consideration, if Wilson recovers against Strang, the latter will have a legal right to recover the whole amount of the note and interest from Smith. If he fails in a recovery against Strang he himself has his recourse against Smith for the same amount. Should it appear therefore, that the note was assigned before maturity, Smith will be liable to Strang if after that time he is liable to Wilson. His interest is therefore as between these parties, equally balanced, and this renders him competent.

In reply to this however, it has been urged for the plaintiff in error, that the note was given as part of an illegal contract, and consequently that if Wilson should recover in the present case, Strang would be remediless; whereas if Wilson should fail here, *his* remedy would be good against Smith, and that Smith therefore has an interest in the success of the plaintiff below. To this it will be a sufficient answer, so far as we are concerned, to refer to the decision in the case of Hill

---

*Motives of public policy even where there is no interest, prevent a party to a negotiable instrument from giving testimony to invalidate that instrument, because every man who is party to an instrument gives a credit to it, and he is therefore stopped from giving evidence to invalidate it. 1 M'Nally's evidence, 123. This is the reason why the rule as above laid down is limited to *facts subsequent to the due execution of the note.*— [Note by Judge Mason.

vs. Smith, made at the present term of this court, where it was decided that such contracts were not illegal.

The judgment below will therefore be affirmed.