## SUPREME COURT.

SAMUEL C. BIDWELL, assignee, &c., agt. FRANKLIN B. LA-
MENT, sheriff, &c.

When it distinctly appears, either at the close of the plaintiff's evidence, or at the close of the cause, that the facts proved are not sufficient to constitute a cause of action of the character set forth in the complaint, a *nonsuit* is the appropriate disposition to be made of the action. When there is no dispute as to the facts proved, a question of law merely remains, and if the court nonsuit, an *exception* is the proper remedy.

If the facts are not entirely clear, if they depend upon conflicting evidence, then they must be decided by the *jury* if the parties insist, or may be decided by the court if the parties do not object.

If, as is not uncommon, the court assume that the weight of evidence is in a particular direction, and so decide, and if no objection be taken to this course at the time, it is regarded as done with the assent of the parties. They have the right to object, that is, in cases where a verdict either way would not be set aside as unwarrantable by the evidence, and if they do object and demand the submission of the cause to the jury, the demand must be complied with. A refusal to comply is ground of *exception.*

But this demand or request must be *expressly* and *specifically* made, otherwise there will be no available exception. This request is not sufficiently made by opposing a motion for and objecting to the *nonsuit;* for that must be deemed an objection to the rule of law declared by the judge upon admitted or established facts, and not a request to go to the jury to ascertain what the facts are.

Therefore, where there was considerable testimony tending to establish the propositions relied on by the defendant (fraudulent assignment by plaintiff's assignors, and non-delivery under it of personal property), and at the close of the evidence the defendant moved for a nonsuit on those grounds, which was opposed by the plaintiff, and granted by the judge without announcing the grounds upon which he placed his decision or being requested to do so, and the plaintiff's counsel, without asking to go to the jury, simply excepted to the decision granting the nonsuit, *held,* that such an exception was not available.

If the question of actual fraud, or fraudulent intent, is always a question of fact for the jury, and made so by statute, it is like every other personal right given to a party by statute or common law, or the practice of the courts, which may be waived by him, and it is waived by not demanding its enforcement.

*Albany General Term, March,* 1859.
*Present,* HARRIS, GOULD *and* HOGEBOOM, *Justices.*

THE plaintiff was the assignee of Conine & Tompkins, an

insolvent firm, in Ashland, Greene county, who assigned their property to the plaintiff for the benefit of creditors, on the 14th of September, 1857, by an assignment making preferences, and referring to an inventory or cotemporaneous instrument for a statement of the debts of the preferred creditors.   The defendant, as sheriff of Greene county, levied on this property as the property of the assignors, on the 18th of September, 1857, by virtue of a judgment and execution in favor of Addison P. Jones, against them, alleging that the assignment was fraudulent on its face, and was also void as being made with an actual intent to hinder, delay and defraud creditors.   The assignment was executed at a place some miles distant from the residence and place of business of the assignors and assignee, and the plaintiff, instead of taking immediate possession of the property personally, proceeded to the city of New-York, and instructed the assignors, or one of them, to take possession in his name. This was done, and, before the plaintiff returned from New-York and took actual possession, the defendant had levied upon and seized the property.   It was claimed also, that the instrument of assignment and statement of debts and creditors had never been actually delivered, but remained with the assignors or under their control.

The cause was tried before Mr. Justice GOULD, at the Greene circuit, in February, 1858.   After much evidence on both sides, on the question of fraud, good faith, delivery of possession and excuse for not changing possession immediately, the defendant moved, on grounds stated, for a nonsuit.   The plaintiff opposed the motion.   " The said justice granted said motion, to which the plaintiff's counsel then and there excepted."

There was no request to submit the cause to the jury, and no demand of the court for the specific grounds upon which the motion was decided, or the particular facts upon which the decision rested, and no further exception, than above stated, to his disposition of the case.   The exceptions were ordered to be heard in the first instance at the general term, and the case comes here to be heard upon those exceptions.

D. K. OLNEY, *for plaintiff*.
S. H. GIVENS, *for defendant*.

By the court—HOGEBOOM, Justice. A nonsuit is properly granted, when the facts proved are not sufficient to constitute a cause of action, or rather a cause of action of the character set forth in the complaint. If this distinctly appears either at the close of the plaintiff's evidence, or at the close of the cause, a nonsuit becomes the appropriate disposition to be made of the action. When there is no dispute as to the facts proved, a question of law merely remains, and, if the court nonsuit, an exception is the proper remedy. If the facts are not entirely clear, if they depend upon conflicting evidence, then they must be decided by the jury, if the parties insist, or may be decided by the court, if the parties do not object. It is not uncommon for the court, assuming that the weight of evidence is in a particular direction, to decide them, and if no objection be taken to this course at the time, it is regarded as done with the assent of the parties.

They have the right to object, that is, in cases where a verdict either way would not be set aside as unwarranted by the evidence, and, if they do object and demand the submission of the case to the jury, the demand must be complied with. A refusal to comply with it is ground of exception. But, as before stated, this demand or request must be expressly and specifically made, else there will be no available exception. This request is not sufficiently made by objecting to the nonsuit, for that must be deemed an objection to the rule of law declared by the judge, upon admitted or established facts, and not a request to go to the jury to ascertain what the facts are. A judge may assume, either in granting a nonsuit or in his charge to the jury, the existence of certain facts as established by the evidence. This assumption may or may not be warranted by the evidence; if it be not, the dissatisfied party is bound so to state, and to request the fact to be submitted to the jury. If he do not, he assents to the statements of the judge. These statements assumptions of fact, comments upon the evidence,

expressions of· opinion upon its credibility and effect, are not subjects of exception. An exception lies only to the adjudication of a legal principle or the denial of a legal right.

Where, upon admitted facts, the judge lays down an erroneous rule of law, or where, upon a doubtful question of fact, he insists, against the expressed wish of the party, on deciding it himself, and refuses to submit it to the constitutional triers of disputed questions of fact, he commits an error in law, he deprives the party of an absolute legal right, and the appropriate remedy is by exception. But opposition to a motion for a nonsuit is not a request to go to the jury. It is simply an argument to show that, upon the facts established by the evidence, the plaintiff is entitled to recover.

It may sometimes be a little difficult to ascertain what facts a judge does assume in disposing of a motion for a nonsuit. If the facts are wholly uncontradicted, no difficulty occurs. If they depend upon conflicting evidence, and are to be determined by the weight or credit due to testimony, then difficulty may possibly arise. If, in disposing of the motion, the judge announces the facts which he regards as proved in the case, I entertain no doubt that a party, who regards his conclusions of fact as erroneous, is bound so to state and request their submission to the jury, in order to raise an available exception. But the judge may not state the facts which he regards as established, but simply decide to nonsuit the plaintiff. In such case, I think if there are controlling facts, which may materially vary the case, accordingly as they are found one way or the other, the dissatisfied party must call the attention of the court to those facts, ascertain the judge's view in regard to them, and demand their submission to the jury, if he disagrees to the finding of the judge. In the absence of such a proceeding, I think we must infer, in support of the decision, every conclusion which the jury would be warranted to draw, and treat the case as if the jury had found those facts, and the judge had applied to them the rule of law.

There is no special hardship in such a rule. Parties are bound to bring directly and specifically to the notice of the judge

every point which they wish to raise. If they do not, we must make every reasonable presumption in support of the decision. Therefore, when a judge charges a jury, he is presumed to charge correctly, he is presumed to have called the attention of the jury to every view of the case material to a proper settlement of the rights of the parties litigant. If, through inadvertence or otherwise, some matters have escaped him or are unnoticed by him, parties must invite his attention to the omission and require it to be disposed of in a proper way. So on a motion for a nonsuit, the judge, for the time being, unites, like a referee, the character of judge and jury. As jury he ascertains the facts; as judge he applies the law to them; and when he announces his decision, it is the compound result of an ascertainment of the facts and the application of the law. The details do not necessarily appear in the decision of the motion any more than they appear in the verdict of a jury, or the report of a referee. And if a party wants these details, he must take the proper course to get them by a special application at the time, to the court for that purpose. In this way only can the several questions which properly arise in a case be distinctly presented and intelligently passed upon, and in this way only can the rights of all parties be carefully guarded.

These principles are not new, but of long established application in our courts. They are not always recollected or observed in practice, but I regard them as well settled by numerous adjudications. (*Barnes* agt. *Perrine*, 2 *Kern.* 22; *People* agt. *Cook*, 4 *Seld.* 78; *Nolton* agt. *Moses*, 3 *Barb.* 31; *Beekman* agt. *Bond*, 19 *Wend.* 444; *Jackson* agt. *Packard*, 6 *Wend.* 415; *Jackson* agt. *Timmerman*, 12 *Wend.* 299; *Hunter* agt. *Trustees of Sandy Hill*, 6 *Hill*, 410.)

To apply these principles to the present case, an assignee of an insolvent firm sues the sheriff, to recover certain personal property covered by the assignment. The defendant has levied upon it under a valid judgment and execution against the assignor, and attacks the assignment for fraud alleged to be apparent upon the face of the instrument, and also to be fairly

inferred from the conduct of the parties, and especially from the alleged non-delivery of the assignment itself, of the schedule of creditors, and of the possession of the property assigned up to the period of the levy. Without nicely estimating the weight of the evidence, it is sufficient to say there was considerable testimony tending to establish the propositions relied on by the defendant. And at the close of the evidence the defendant moves for a nonsuit on those grounds, and this motion being opposed, the judge grants it, without announcing the grounds upon which he placed his decision or being asked to do so. And the plaintiff's counsel, without asking to go to the jury, simply excepts to the decision of the court granting the nonsuit. I think, for the reasons before stated, as this is a bill of exceptions, and not a case, the plaintiff must fail. It is a case where I think the verdict of the jury one way or the other would not be disturbed, and, therefore, when the plaintiff has practically consented to substitute the judge for the jury on the question of fact and of actual fraudulent intent, and the judge is not claimed to have ruled erroneously any question of law, that the case shows no error of which the plaintiff can avail himself upon exception.

It has been said that the question of actual fraud and fraudulent intent is always a question of fact for the jury, and made so by statute. It is so, but, like every other personal right given to a party by the statute or common law, or the practice of the courts, it may be waived by him. It is waived by not demanding its enforcement. So negligence is a question of fact for the jury where the evidence is conflicting, but it is perfectly competent for the court to dispose of it, where its submission to a jury is not demanded by the parties or required by the character of the testimony.

I think, therefore, that a *new trial must be denied*, and I have less hesitation in adopting this conclusion, as the nature of the decision does not bar a new action.