ROBINSON v. GRANNIS et al.

(Supreme Court, Special Term, Oswego County. March 30, 1895.)

CONTRACTS—CONSTRUCTION.

Plaintiff offered to furnish defendant with building stone at $6 per cord. Defendant replied that "he would do better than that," and pay $6.50 per cord, measured in the wall. Plaintiff and defendant were both experienced in the business, and knew that a cord of rough stone (128 cubic feet) makes only 99 cubic feet of masonry. *Held,* that it was the intention of the parties that the stone should be measured in the wall at the rate of 99 cubic feet per cord.

Action by Charles H. Robinson against Frank Grannis and others to recover the purchase price of a quantity of stone. Judgment for plaintiff.

D. P. Morehouse, for plaintiff.

C. N. Bulger and C. F. Whitney, for defendant Grannis.

WRIGHT, J.   The bargain provided that the stone should be paid for at $6.50 per cord, "measured in the wall." The plaintiff claims that since 128 cubic feet of stone make only 99 cubic feet when laid into a wall of masonry, the wall should be measured at the rate of 99 cubic feet per cord. The defendant claims that the standard measurement of 128 cubic feet per cord should be applied to the wall. A local custom of Oswego City, where the contract was made, regulates the measurement according to the plaintiff's contention; but since the defendant, a stranger, had no knowledge of it, that custom cannot be considered. Corn Exch. Bank v. Nassau Bank, 91 N. Y. 74. All the circumstances of the bargain, however, are to be considered in determining in what sense the term "cord" was used and understood in the contract. Kennedy v. Railroad Co., 67 Barb. 169. "It is a rule of law, as well as of ethics, that where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee." Hoffman v. Insurance Co., 32 N. Y. 405. Also, in construing the words of a covenant, "if the intention of the parties be doubtful, that construction is to be adopted which is most beneficial to the covenantee." Marvin v. Stone, 2 Cow. 806. At the bargain, the plaintiff offered the stone at $6 per cord. Grannis said he would do better than that, and pay what he was paying others, $6.50 per cord, measured in the wall. The plaintiff and Grannis were experienced dealers in stone and practical masonry, and knew that 128 cubic feet of rough stone make only 99 cubic feet of masonry. It is clear that the offer of the plaintiff to take $6 per cord was understood by both parties as relating to rough stone, for Grannis testifies that he told the plaintiff that he had agreed with Proud, who was then a partner of the plaintiff, at "$6 per cord of 128 cubic feet piled upon the outside"; and he further testifies that he advised the plaintiff that he "better not pile them upon the outside, but haul them inside, and we will measure the stone in the wall." Grannis' increase in price was exceedingly disproportionate to the

additional amount of stone that he would obtain at the measurement he now contends for. Why, then, did he assert that his offer of $6.50 per cord measured in the wall was better than the plaintiff's asking price of $6 per cord of rough stone, if he contemplated a measurement of 128 cubic feet instead of 99 cubic feet for a cord? It is evident, therefore, that the plaintiff understood the measurement should be made at the standard for which he now contends, and it is also evident that Grannis believed that the plaintiff so understood it. The plaintiff, therefore, under the foregoing authorities, is entitled to recover. Again, in the bargain, it was agreed that the plaintiff's stone should be laid in the wall separately from those obtained from other persons; but Grannis mixed them, thus rendering it impossible to measure the plaintiff's stone in the wall. This act, giving it an honest interpretation, cannot be reconciled with the idea that Grannis then contemplated that it would make any material difference to his interest whether the stone were measured in the rough or after laid into masonry, for he knew his act of mixing the stone would throw the plaintiff back to proof of the amount of stone he delivered as measured in the rough, as one method of showing the amount of his claim. From this, and all the circumstances, it is evident that Grannis understood that the bargain provided for a standard of measurement precisely as the plaintiff understood it. Judgment is ordered for the plaintiff for $640.89, with interest from October 1, 1892.